Chief Judge Fuld (dissenting).
Section 180-a of the Code of Criminal Procedure, which was ielied upon by the trial judge, authorizes a limited search of a suspect when an officer “ reasonably suspects that he is in danger of life or limb ”. This statute was sustained by the Supreme Court in Sibron v. New York (392 U. S. 40) on the ground that an officer, faced with the need to investigate suspicious individuals, must be accorded some means of self-protection against dangerous weapons which may be used against him. However, the court made clear, this right is only available where there is some reasonable basis for concluding that such a danger exists (392 TJ. S., at p. 64):
“ The police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. Bef ore he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so.
In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.” (Emphasis supplied.)
In this case, not only did the police officer fail to state any facts which could have led to a belief that the defendant was “ armed and dangerous ” but, apart from stating that he “ suspect[s] everyone ”, he actually denied that he had such a belief; this is the testimony:
'• “ Q. Did you suspect that he had a gun in his pocket? A. I didn’t know what he had in his pocket.
*319 “ Q. You didn’t know what was in his pocket? A. I suspect everyone.
“ Q. You just suspect everything? You didn’t know anything? A. No. I didn’t.
“ Q. You had no reason to believe he had a gun in his pocket? A. No. I have no reason to believe he had a gun in his pocket.”
At most, the officer might have entertained a suspicion, on the basis of the information received and his own observations, that the defendant had committed, or was about to commit a burglary. Such suspicion, however, though it may justify a brief detention for purposes of questioning (Code Grim. Pro., § 180-a, subd. 1), falls far short of furnishing justification for a search of the person. To entitle the officer to conduct a frisk, both the Constitution and the Code require that there be some warrant for the officer to reasonably suspect that “ he [was] in danger of life or limb ” from the defendant (Code Grim. Pro., § 180-a, subd. 2). Since this minimal requirement was not met in this case, the motion to suppress should have been granted. Accordingly, the judgment appealed from should be reversed.
Judges Bergan, Breitel, Jasen and Gibson concur with Judge Scileppi; Chief Judge Fuld dissents and votes to reverse in a separate opinion in which Judge Burke concurs.
Judgment affirmed.